**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAUL AGUILAR-SAGUN,

Defendant - Appellant.

No. 10-30191

D.C. No. 3:09-cr-05601-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Saul Aguilar-Sagun appeals from the 120-month sentence imposed

following his guilty plea conviction for possession with intent to distribute heroin,

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we dismiss.

Aguilar-Sagun pleaded guilty pursuant to a written agreement that included an appeal waiver. He contends that his appeal waiver was not knowing and voluntary because his attorney was ineffective for allowing him to enter a guilty plea that did not preserve his ability to appeal the district court's denial of his motion to suppress. As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal unless (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *See United States v. Jeronimo*, 398 F.3d 1149, 1155-56 (9th Cir. 2005). Neither exception applies to this case. Based on the record before this court on direct appeal, we conclude that Aguilar-Sagun's appeal waiver, which waived any challenge to the district court's denial of his motion to suppress, was voluntary and enforceable. *See id.* at 1156-57.

**DISMISSED.**